UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
EMILIANO SALAS, on behalf of himself
and all other persons, similarly situated,

                Plaintiffs,                07 Civ. 3430 (BSJ)

            -against-                **ANSWER**

99 CENTS FOR YOU, INC., a New York
corporation,

                Defendant
------------------------------x

Defendant, 99 Cents For You, Inc., by its attorneys, Kousoulas & Associates P.C., for its Answer to the Complaint, respectfully alleges as follows:

1. Denies the allegations set forth in paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed and seek the relief as set forth therein.

2. Denies the allegations set forth in paragraph 2 of the Complaint, except admits that Plaintiff purports to proceed and seek the relief as set forth therein.

3. Denies the allegations set forth in paragraph 3 of the Complaint, except admits that plaintiff worked as a stock person for defendant, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding unidentified "other similarly situated current and former employees."

4. Denies the allegations set forth in paragraph 4 of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

5. Denies the allegations set forth in paragraph 5 of the Complaint, except admits that

plaintiff purports to set the basis for venue in this Court as set forth therein.

6. Denies the allegations set forth in paragraph 6 of the Complaint, except admits that plaintiff purports that this Court is empowered to issue a declaratory judgment as set forth therein.

7. Admits that Plaintiff was, at all relevant times, an adult individual as alleged in paragraph 7 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence at all relevant times.

8. Admits the allegations set forth in paragraph 8 of the Complaint.

9. Denies the allegations set forth in paragraph 9 of the Complaint, except admits that plaintiff purports that he seeks to prosecute his FLSA claims as set forth therein.

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. In response to the allegations set forth in paragraph 15 of the Complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 14 inclusive of its answer as if fully set forth herein.

16. Denies the allegations set forth in paragraph 16 of the Complaint, except admits that

defendant is an employer. To the extent paragraph 16 sets forth conclusions of law, no response is required.

17. Denies the allegations set forth in paragraph 17 of the Complaint, except admits that defendant had employed plaintiff. To the extent paragraph 16 sets forth conclusions of law, no response is required.

18. Admits the allegations set forth in Paragraph 18 of the Complaint.

19. Denies the allegations set forth in Paragraph 19 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's consent in writing to be a party in this action pursuant to 29 U.S.C. §216(b).

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 f the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. In response to the allegations set forth in paragraph 27 of the Complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 26 inclusive of its answer as if fully set forth herein.

28. Paragraph 28 of the Complaint sets forth conclusions of law, accordingly, no response is required.

29. Denies the allegations set forth in Paragraph 29 of the Complaint.

30. Denies the allegations set forth in Paragraph 30 of the Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Complaint.

### For a First Defense:

32. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### For a Second Defense:

33. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### For a Third Defense:

34. All other claims, on behalf of plaintiff and/or all other persons who are purported to be similarly situated, are barred, in whole or in part, by the applicable statutes of limitations.

### For a Fourth Defense:

35. All actions taken by Defendant in connection with payment of overtime and minimum wages were taken in good faith and with reasonable grounds for believing it was not in violation of the Fair Labor Standards Act and the New York Labor Law.

### For a Fifth Defense:

36. Plaintiff, and/or all other persons who are purported to be similarly situated, failed to mitigate their damages.

### For a Sixth Defense:

37. The Complaint has failed to state facts sufficient to state claims for punitive damages and/or statutory penalties as defendant has acted in good faith at all times relevant herein.

**WHEREFORE,** defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 25, 2007

                                                  KOUSOULAS & ASSOCIATES P.C.
                                                  Attorneys for defendant
                                                  41 Madison Avenue, 40th Floor
                                                  New York, New York 10007
                                                  212-509-2566

                                                  By: _____
                                                       ANTONIA KOUSOULAS (AK8701)

To:    Justin A. Zeller, Esq.
          Law Office of Justin A. Zeller, P.C.
          Attorneys for Plaintiff
          222 Broadway, 19th Floor
          New York, New York 10038

## DECLARATION OF SERVICE ON ATTORNEY BY MAIL - FEDERAL COURT

I, _Antonia Kousoulas_, declare, pursuant of 28 U.S.C. §1746, under the penalty of perjury that on _June 25, 2007_, 19_____, I served the annexed _ANSWER_ upon _JUSTIN A. ZELLER, ESQ._ _The Law Office of Justin A. Zeller, P.C._ the attorney for _Plaintiff_ herein, by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said attorney at _222 Broadway, 19th Floor, New York, NY 10017_ being the address designated by said attorney for that purpose.

Executed on: _June 25, 2007_, 19_____

New York, New York

_[signature]_

Antonia Kousoulas & Associates, New York