Justin A. Zeller, Esq.
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, NY 10011
(212) 860-9169; fax (917) 421-9387
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMILIANO SALAS, on behalf of himself        :
and all other persons similarly situated,            :
                                                                              :
                                        Plaintiffs,              :
                                                                              :   07-CV-3430
                        -against-                                 :   (BSJ) (AJP)
                                                                              :
99 CENTS FOR YOU, INC., a New York      :
corporation,                                                       :
                                                                              :
                                        Defendant.           :
------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR APPROVAL OF COLLECTIVE ACTION NOTICE**

Dated: New York, New York
          August 24, 2007

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT………………………………….… | 5 |
| I. INTRODUCTION…………………………………………….. | 5 |
| II. ARGUMENT…………………………………………………. | 7 |
|     A. Collective Actions under the FLSA………… | 7 |
|     B. The Factual Nexus is Established in this Case… | 8 |
|     C. The Collective Action Notice………………… | 9 |
|     D. Defendant Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs…… | 10 |
| III. CONCLUSION………………………………………………… | 12 |

## TABLE OF AUTHORITIES

CASES                                                                                                   Page

Atkins v. General Motors Corp.,
701 F.2d 1124 (5th Cir. 1983)……………………………………………  11

Bonilla v. Las Vegas Cigar Co.,
61 F. Supp. 2d 1129 (D. Nev. 1999)………………………………….  10

Braunstein v. Eastern Photographic Laboratories, Inc.
600 F. 2d 335 (2d Cir. 1979)………………………………………….   9

Cook v. United States,
109 F.R.D. 81 (E.D.N.Y. 1985)……………………………………….  11

Does I thru XXIII v. Advanced Textile Corp.,
214 F.3d 1058 (9th Cir. 2000)…………………………………………  11

Gjurovich v. Emmanuel's Marketplace, Inc.,
282 F. Supp. 2d 101 (S.D.N.Y. 2003)…………………………………  7, 8-10

Hoffman v. Sbarro, Inc.,
982 F. Supp. 249 (S.D.N.Y. 1997) )………………………………...……  7-9, 11

Hoffman-La Roche, Inc. v. Sperling,
493 U.S. 165 (1989)……………………………………………………   9-11

Partlow v. Jewish Orphans' Home of Southern Cal., Inc.,
645 F.2d 757 (9th Cir. 1981)………………………………………….   10

Schwed v. General Electric Co.,
159 F.R.D. 373 (N.D.N.Y. 1995)……………………………………..    8

Trinidad v. Breakaway Courier Systems, Inc.,
2007 WL 103073 (January 12, 2007 S.D.N.Y)………………………..    9

4

STATUTES

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")……………… Passim

Fed. R. Civ. P. Rule 23……………………………………………………… 8

Justin A. Zeller, Esq.
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, NY 10011
(212) 860-9169; fax (917) 421-9387
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMILIANO SALAS, on behalf of himself :
and all other persons similarly situated, :
 :
                               Plaintiffs, :
 : 07-CV-3430
                -against- : (BSJ) (AJP)
 :
99 CENTS FOR YOU, INC., a New York :
corporation, :
 :
                             Defendant. :
------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR CLASS CERTIFICATION**

**PRELIMINARY STATEMENT**

Plaintiff Emiliano Salas ("Salas" or the "Plaintiff"), on behalf of himself and all other persons similarly situated, by his attorney, submits this memorandum of law in support of his Motion for Approval of Collective Action Notice (hereafter, the "Motion").

**I.    INTRODUCTION**

In this action, among other claims for relief, Plaintiff seeks to recover unpaid overtime compensation and minimum wages on behalf of himself and other similarly situated employees of Defendant, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

Plaintiff now moves the Court to enter an Order permitting this action to proceed as a collective action, requiring Defendant to disclose the names and last-known addresses of current and former employees who are potential plaintiffs, and to approve the form, collective action, requiring Defendant to disclose the names and last-known addresses of current and former employees who are potential plaintiffs, and to approve the form, content and distribution of Plaintiff's proposed "Notice of Lawsuit and Opportunity to Join" and "Consent to Become Party Plaintiff" (attached as Exhibit A and B, respectively, to the Declaration of Justin A. Zeller, Esq. filed herewith), ensuring that potential plaintiffs will be advised of the pendency of this action and their right to "opt-in" to this case pursuant to FLSA § 216(b).

The Named Plaintiff is a former employee of Defendant, who performed such duties as stocking shelves, cleaning and maintenance duties, and making deliveries. While employed by Defendant, the Named Plaintiff and at least 4 other employees were not paid proper overtime wages and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New York Labor Law §§ 190 et seq. As a result of the improper classification, the employees were, and continue to be, denied appropriate compensation for hundreds of hours of overtime they work and have worked.

Accordingly, the plaintiff collective action class consists of all current and former employees of Defendant who worked either as stock persons, janitorial/maintenance workers, or delivery workers, who worked for Defendant (a) in excess of forty (40) hours per week without being paid overtime compensation therefor, in any given week, equal to one and one-half times their regular rate of pay and/or (b) who were not paid the

appropriate minimum wage for each hour they worked. All such individuals should receive notice and the opportunity to opt-in to this case if they worked in excess of forty (40) hours per week but were not compensated at the rate of time and one-half or if they were not paid the appropriate minimum wages for each hour worked.

## II.   ARGUMENT

### A.   Collective Actions under the FLSA

The FLSA expressly permits the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of minimum wage and overtime compensation. FLSA § 216(b) provides in pertinent part as follows:

> Any employer who violates the provisions of section 206 [requiring payment of minimum wage] or section 207 [requiring payment of overtime compensation for hours worked in excess of 40 per week] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

In order to maintain a collective action under FLSA § 216(b), the named plaintiff must demonstrate that other, potential plaintiffs are "similarly situated." Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) . This requirement is satisfied if the named plaintiff demonstrates the existence of a "factual nexus between the [named plaintiff's] situation and the situation of the other current and

7

former [employees]." Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997).

Specifically, the named plaintiff need only make a "modest factual showing sufficient to demonstrate the [the named plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law." Sbarro, at 261; see also Gjurovich, 282 F. Supp. 2d at 104. The named plaintiff is not required to prove that potential plaintiffs shared identical positions or performed identical work. Schwed v. General Electric Co., 159 F.R.D. 373, 375 (N.D.N.Y. 1995). "The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" Sbarro, 982 F. Supp. at 261.

As demonstrated by the foregoing authority, collective actions under the FLSA are materially different from class actions under Fed. R. Civ. P. 23. Rule 23 requires the proponent of the class action to demonstrate the existence of several factual circumstances, including numerosity of the proposed class, common questions of law or fact, typicality of claims or defenses, and adequate and fair protection of the interests of the class by the representative parties. Fed. R. Civ. P. 23. These circumstances are simply not applicable to collective actions under the FLSA, which requires the named plaintiff to show only that potential plaintiffs likely exist. As discussed below, the declaration by Plaintiff submitted herewith clearly and sufficiently make the requisite showing in this case.

### B.      The Factual Nexus is Established in this Case

The declaration of the named plaintiff filed contemporaneously herewith, demonstrates that Defendant adopted and adhered to a policy effectively requiring their employees to work in excess of 40 hours per week without paying overtime

compensation at the rate of time and one-half, in violation of FLSA § 207.

Plaintiff regularly worked in excess of (40) hours per workweek. *See* Plaintiff's August 22, 2007 Declaration at Para. 6, attached hereto. In fact, Plaintiff typically worked in excess of sixty (60) hours. Id. Further, during Plaintiff's employment with Defendant, Plaintiff was paid a salary, with no additional overtime compensation whatsoever for hours worked above forty (40) hours. Id. at Para. 7.

During Plaintiff's employment with Defendant, he personally observed that there were numerous other laborers who performed the same job duties that Plaintiff performed, worked the same amount of hours that Plaintiff worked per workweek, and were paid in the same manner in which Plaintiff was paid. Id. at Para. 9.

Accordingly, Plaintiff has demonstrated that numerous other similar employees were not paid overtime at a rate of time and one half as part of a common, illegal policy of the Defendants.

### C.   The Collective Action Notice

FLSA § 216(b) has no specific provision for issuing notice to prospective plaintiffs in collective actions. However, it is well established that district courts have the power to send such a notice to potential plaintiffs. E.g., Braunstein v. Eastern Photographic Laboratories, Inc. 600 F. 2d 335, 335-36 (2d Cir. 1979); Sbarro, 982 F. Supp. at 261(citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Gjurovich, 282 F. Supp. 2d at 104; Trinidad v. Breakaway Courier Systems, Inc., 2007 WL 103073 (January 12, 2007 S.D.N.Y) (Judge Sweet). It is important to note that, in issuing a notice to potential plaintiffs, the Court does not adjudicate the merits of the claims of either the named or potential plaintiffs, or determine that the potential plaintiffs are in

fact similarly situated with the named plaintiff. As Magistrate Judge Lisa Margaret Smith of the Southern District in Westchester County noted:

> Here, I determine only that notice may be sent to those people who, at this very preliminary stage in the litigation, might be potential plaintiffs. I am not determining that those being notified "are, in fact, similarly situated" to the Plaintiff, and I make no determination regarding the legal rights and responsibilities of the parties. . . . Again, the Plaintiff's burden for proving that he is similarly situated to these potential plaintiffs is minimal for this preliminary determination-a determination that can be modified or reversed after discovery is complete.

Gjurovich, 282 F.2d at 105 (citations omitted).

Plaintiff separately submits herewith a proposed Notice of Lawsuit and Opportunity to Join. This notice comports to the specific requirements exhaustively enumerated by Judge Smith in Gjurovich. Supra, at 106-109.

### D.   Defendant Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs

Only the Defendant knows the names and addresses of potential plaintiffs in this case. The Supreme Court has confirmed this Court's inherent authority to require Defendant to disclose that information so that Plaintiff's counsel can circulate the Notice of Lawsuit and Opportunity to Join. Hoffman-La Roche, Inc. v. Sperling, 110 S. Ct. 482, 486 (1989).  In addition, Defendant should be ordered to provide this information in both paper and digital format to expedite the distribution of the notices, and the proposed Order submitted herewith so provides.

Plaintiff's motion for permission to authorize notice to potential class members is critical because the statute of limitations for claims brought under the Fair Labor Standards Act may not be tolled for a particular plaintiff until he or she files with this

Court a "Consent to Join" form. Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999); Partlow v. Jewish Orphans' Home of Southern Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981) ("It is true that the FLSA statute of limitations continues to run until a valid consent is filed."); Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, (9th Cir. 2000); Sbarro, 982 F. Supp. at 262; 29 U.S.C. § 216(b). The implication of the continued running of the statute of limitations is obvious: each day that passes before notice is given causes prejudice to the absent plaintiffs. The statute of limitations demonstrates not only the need for the distribution of notice to purported class members, but the expediency in which the distribution must occur.

Plaintiff is not requesting unusual or extraordinary relief, but is requesting relief clearly within the discretion of this Court. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989). The United States Supreme Court recognized the need for notice in actions like this and also approved Court intervention and authorization of notice, stating:

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time. . . . The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.

Hoffmann-La Roche, 493 U.S. at 171-172 (1989); Sbarro, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); Cook v. United States, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("certainly, it is unlikely that Congress,

having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.")

### III.    CONCLUSION

Plaintiff has shown by his declaration and the exhibits thereto that he is similarly situated with other former and current employees of Defendant. Accordingly, Defendant should be required to provide the names and addresses of all current and former employees of Defendant who worked either as stock persons, janitorial/ maintenance workers, or delivery workers, who (a) worked for Defendant in excess of forty (40) hours per week without being paid overtime compensation equal to one and one-half times their regular rate of pay in any given week, or (b) who were not paid the appropriate minimum wages for all hours worked, within three years preceding the date of the Court's Order on this motion, so that notice of this action may be communicated to them. For the foregoing reasons, Plaintiff respectfully requests that Plaintiff's Motion be granted.

Dated: New York, New York
      August 24, 2007

    THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.

    /s Justin A. Zeller
    Justin A. Zeller, Esq.
    251 West 14th Street, Floor 5
    New York, NY 10011
    (212) 860-9169; fax (917) 421-9387

    Attorney for Plaintiff